FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 AUG 17 PM 2:45

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**Civil Action Number:**

JOEL PRICE

    Plaintiff,

vs.

6:16-CV-1471-ORL-31-GJK

PBBS OF NEW SMYRNA BEACH, INC.,
d/b/a Robbie O'Connell's Pub

    Defendant.

## COMPLAINT

Plaintiff Joel Price, by and through his undersigned counsel, hereby files this Complaint and sues PBBS of New Smyrna Beach, Inc. for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §§36.302, 36.303 and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367. The foregoing constitutes violation of 28 C.F.R. §§36.302, 36.303 and 42 U.S.C. §12182.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the State of Florida, Middle District of Florida.

4. Joel Price (hereinafter referred to as "Plaintiff") was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA. The Plaintiff is (and has been) suffering from a traumatic brain injury, high blood pressure, diabetes, seizures, and is legally blind. The Plaintiff's disability is defined in 28 C.F.R. §36.104 (1)(iii); Plaintiff's impairments substantially limit one or more major life activities. Therefore the Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA.

5. Defendant PBBS of New Smyrna Beach, Inc. is a Florida corporation and is conducting business within the jurisdiction of this court.

6. Defendant PBBS of New Smyrna Beach, Inc. is also referenced herein as "Defendant."

7. At all times material hereto, the Defendant was (and is) an entity owning and operating a restaurant called "Robbie O'Connell's Pub," which is open to the public. As such, the Defendant meets the definition of a "Public accommodation" because it is an entity which owns, operates, leases (or lease to) a "Place of public accommodation," 42 U.S.C. § 12181(7) (B) and 28 C.F.R. § 36.104(2).

8. The Defendant's Robbie O'Connell's Pub meets the definition of a "Place of Public Accommodation," because it is "A restaurant, bar, or other establishment serving food or drink," and as such is subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. Part 36.

9. Due to his disabilities, the Plaintiff requires the use and accompaniment of a service animal, as his service animal is a trained seeing-eye dog. Plaintiff's requirement for use of a service animal is defined by 28 C.F.R. §36.104 and Florida Statue §413.08(1)(d).

10. Plaintiff's service animal is trained to perform tasks for the Plaintiff as associated with being a seeing-eye dog.

11. Plaintiff has been accompanied by a service animal for many years. Plaintiff's service animal assists the Plaintiff in public environments (including travel and places of public accommodations). Plaintiff's service animal is a dog named "Judy", and is hereinafter referred to as "Judy". As a trained seeing-eye dog service animal, Judy stays by the Plaintiff's side to guide the plaintiff in navigating his world and to alert the Plaintiff as to dangers, and protect him from harm.

12. On Friday evening, July 15, 2016 at just after midnight, the Plaintiff was accompanied by Judy when he personally visited the Defendant's Robbie O'Connell's Pub located at 550 Seabreeze Blvd, Daytona Beach, Florida 32118 (hereinafter "Robbie O'Connell's Pub," "restaurant," or "place of public accommodation") to meet his friends for a drink. The Plaintiff's visit was prior to instituting the instant action.

13. At the time Plaintiff visited Defendant's restaurant, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities offered therein.

14. The Plaintiff was standing outside the entrance of Robbie O'Connell's Pub with his service animal talking to his friend Andres Shmakov prior to entering the Pub. Plaintiff's service animal, Judy, was wearing the traditional harness used by seeing-eye

dogs (complete with a leather harness with traditional white markings). Just prior to entering the Pub, a loud motorcycle roared past very close to the curb where the Plaitniff and Judy were standing. Judy, being trained to alert the Plaintiff as to danger, stood firm and barked.

15. As a trained seeing-eye dog, Judy did her job in alerting and protecting the Plaintiff, whom is/was in her charge. Before, during, and after barking at the roaring motorcyclist/motorcycle, Judy remained composed and alert and never left the Plaintiff's side, but stayed directly next to the plaintiff with the Plaintiff holding firmly onto the harness.

16. The bouncer at the Pub approached the Plaintiff, admonished Judy for barking, and told the Plaintiff that he and 'his dog' were not allowed inside the Pub. Further, the Bouncer told the Plaintiff and his service animal and to leave the premises and not come back.

17. The Plaintiff stated that he was blind and disabled and was accompanied by his service animal, which was/is a seeing-eye dog. The Plaintiff explained that, as Judy was a seeing-eye dog and that the loud motorcycle which had come close to the curb where the Plaintiff and Judy were standing was the reason for Judy's barking to alert the Plaintiff as to potential danger.

18. Undaunted by Plaintiff's disability, and based solely on the fact that Plaintiff was accompanied by his service animal, Defendant's representative (the Bounder) was unrelenting and continued to refuse the Plaintiff entry into the Pub, and demanded that he leave the premises in front of the Pub.

19. The conduct of Defendant's representatives was unreasonable and discriminatory, and as a result thereto, the Plaintiff was discriminated against and denied entry to the Defendant's place of public accommodation.

20. At all times material hereto, the Defendant was (and is) a company owning and operating Robbie O'Connell's Pub, which is a "place of public accommodation" within the meaning of Title III.

21. As the owner and/or operator of Robbie O'Connell's Pub, the Defendant (a public accommodation) knew, or should have known, that failure to reasonably accommodate individuals with disabilities and their service animals is a violation of 28 C.F.R. §36.302(c).

22. Thus, the Defendant's refusal to permit entry of the Plaintiff and his service animal into Robbie O'Connell's Pub is/was a willful, malicious, and oppressive compete disregard for the Civil Rights of the Plaintiff in violation of 28 C.F.R. §36.302(c).

23. This discrimination resulted in the fact that the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facility at the Defendant's place of public accommodation which is the subject of this lawsuit.

24. As a result of the Defendant's discrimination, the Plaintiff suffered loss of dignity, mental anguish and other tangible injuries.

25. The Plaintiff is and has been a customer of Robbie O'Connell's Pub. Plaintiff continues to desire to return to the Robbie O'Connell's Pub at which he was denied service, but the Plaintiff continues to be injured in that he is concerned that he will

again be humiliated and discriminated against at Robbie O'Connell's Pub due to the fact that he is accompanied by his service animal, in violation of the ADA.

26.     Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – SERVICE ANIMAL ACCESS - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

27.     Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1-26 herein above.

28.     The Fifth Circuit has identified the following guidelines in the ADA's legislative history:

> A public accommodation which does not allow dogs must modify that rule for a blind person with a seeing-eye dog, a deaf person with a hearing-ear dog, or a person with some other disability who uses a service dog. Refusal to admit a dog in these circumstances is tantamount to refusing to admit the person who is in need of the dog. Moreover, a public accommodation may not require the person with a disability to be separated from the service, guide, or seeing-eye dog once inside the facility, *Johnson v. Gambrinus Company/Spoetzl Brewery,* 116 F.3d 1052, 1061n.6 (5th Cir. 1997) (quoting H.R. Rep. No. 485(II) (1990) reprinted in 1990 U.S.C.A.N. 303, 309).

29.     Refusal of the Defendant to provide entry to the Plaintiff when he was accompanied by his service animal into its place of public accommodation as defined by 42 U.S.C. §12181(2) and §12181(7)(B) is tantamount to refusing to admit the disabled Plaintiff.

30.     Plaintiff's traumatic brain injury, diabetes, and blindness limit the Plaintiff's major life activities.  Therefore, Plaintiff is an individual with a disability under Title III of the "ADA", §§12181-12189. Thus, Plaintiff is a qualified individual

6

with a disability and is entitled to the protection of the ADA under 42 U.S.C. §12181, et. seq.

31. Public accommodations, such as the Defendant, are required to provide full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(2), §12181(7)(B); 28 C.F.R. §36.203(a). Specifically, the public accommodation must:

 a) Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any private entity that owns, leases, or operates a place of public accommodation. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a),

 b) Make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to people with disabilities. 42 U.S.C. §12188(a); 28 C.F.R. §36.302 (a),(c), and

 c) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12182(a), §12182(b)(2)(A)(iii); 28 C.F.R. §36.303(a).

32. By the Defendant's blatant discrimination, by its completely unreasonable failure and refusal to allow Plaintiff and his service animal into its place of public accommodation, the Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA and 28 C.F.R. §36.302(c); specifically policies that provide equal access to individuals with disabilities including their service animals,

b) Excluded the Plaintiff from entering at its the place of public accommodation (Robbie O'Connell's Pub), thus denying the Plaintiff the opportunity to fully and equally enjoy the goods, services, privileges, advantages and accommodations of that place of public accommodation due to the fact that she was accompanied by his service animal which was assisting his with his disability, in violation of 28 C.F.R. §§36.301, 36.302(c),

c) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §12181(2), §12181(7)(B), §12182(a); 28 C.F.R. §36.303(a).

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to require employees and the Owner of the place of public accommodation to assure that the place of public accommodation is accessible to, and useable by, individuals with disabilities, including their service animals.

34.  The Court is vested with the authority to require the public accommodation, which serves the public generally, to allow service animals to accompany people with disability(ies) in all areas of the facility wherein the public is normally allowed to go.

**WHEREFORE,** Plaintiff Joel Price respectfully prays that this Court grant the following relief against the Defendant PBBS of New Smyrna Beach, Inc. including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to its place of public accommodation. This includes entry of a permanent injunction ordering the Defendant PBBS of New Smyrna Beach, Inc.;

a) To cease discrimination against the Plaintiff and other disabled persons who use service animals;

b) To promulgate and comply with policies and procedures to ensure that the Defendant and its staff and representatives do not discriminate against individuals who are disabled and use service animals;

c) To provide signage both inside and at the front door of the Defendant's restaurant stating that "SERVICE ANIMALS ARE WELCOME," in order to ensure compliance of all Defendants representatives and to ensure that individuals who are disabled and who use service animals are well informed of the Defendant's compliance with federal laws;

d) Award reasonable costs and attorneys fees; and

e)   Award any and all other relief that may be necessary and appropriate.

Dated this 15th day of August, 2016.

Respectfully submitted,

_____
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*